**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

PARMINDER SINGH; KULVIR
KAUR; FATEHVIR SINGH; BIR KAUR,

　　　　　Petitioners,

　v.

PAMELA BONDI, Attorney General,

　　　　　Respondent.

No. 23-4126

Agency Nos.
A241-911-201
A241-911-202
A241-911-203
A241-911-204

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 6, 2025[**]
San Francisco, California

Before: WARDLAW, PAEZ, and LEE, Circuit Judges.
Partial Dissent by Judge LEE.

　　　Parminder Singh, his spouse, and his two minor children ("Petitioners"),

natives and citizens of India, petition for review of a decision of the Board of

---

[*]　　　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]　　　The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Immigration Appeals ("BIA") dismissing their appeal from the order of an Immigration Judge ("IJ") denying their applications for asylum and withholding of removal. Where, as here, the BIA affirms the IJ "and also adds its own reasoning, we review the decision of the BIA and those parts of the IJ's decision upon which it relies." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1027–28 (9th Cir. 2019). "We review the BIA's determinations of purely legal questions de novo, and factual findings for substantial evidence." *Singh v. Whitaker*, 914 F.3d 654, 658 (9th Cir. 2019). We have jurisdiction under 8 U.S.C. § 1252. We grant the petition for review and remand for further proceedings.

    1.    The BIA's determination that Singh did not suffer past persecution is not supported by substantial evidence.[1] Singh, who claims persecution on account of his political opinion as a member of the Mann Party, fled India after he was repeatedly assaulted and threatened with death by members of the opposing Bharatiya Janata Party ("BJP"). "[W]hen the incidents [that a petitioner experienced] have involved physical harm *plus something more*, such as credible

---

[1] "We have held that '[w]hether particular acts constitute persecution for asylum purposes is a legal question reviewed de novo.'" *Singh v. Garland*, 57 F.4th 643, 651 (9th Cir. 2023) (citation omitted). But, we have also reviewed the agency's past persecution determination for substantial evidence. *Id.* at 652. We decline to decide the standard of review here because we would reverse the BIA's past persecution determination in this case under either standard.

death threats, we have not hesitated to conclude that the petitioner suffered persecution." *Aden v. Wilkinson*, 989 F.3d 1073, 1082 (9th Cir. 2021).

The IJ assumed that Singh testified credibly. Singh testified that in 2017, he began organizing and attending Mann Party rallies advocating for the release of Sikh political prisoners, and for the creation of Khalistan, a separate Sikh state. He became a Mann Party member in 2018 and helped organize more political rallies in 2018 and 2019. On September 4, 2019, local members of the BJP, the governing party in the Indian national government, threatened Singh's mother that if Singh did not leave the Mann Party, "the consequences will be bad." In response to this threat, Singh ceased his political activities for nearly a year, until he helped organize another Mann Party rally in August 2020.

On October 16, 2020, BJP members kidnapped Singh and took him to the police station and asked the officers to detain Singh because of his political activities. The officers complied and then detained, beat, and threatened Singh. Again, on December 11, 2021, six BJP members attacked Singh after he participated in a Farmers' Protest, and they told him that his days were numbered. Three weeks later, Singh fled to Haryana, another state in India. While he was away, two BJP members stopped Singh's wife and asked her where Singh was, threatening that "[o]nce we find him, we will not leave him alive." Shortly after Singh left the house where he had stayed in Haryana, police came to the house and

asked about him.

Thus, because Singh faced repeated physical violence coupled with several death threats that were directly tied to his political activities, the record compels the conclusion that he experienced past persecution. *See Aden*, 989 F.3d at 1082. We remand to the BIA to reconsider Singh's claims for asylum and withholding of removal. 8 C.F.R. § 1208.13(b)(1). On remand, if Singh is able to demonstrate that his persecution was "on account of a statutorily protected ground at the hands of [the government or] individuals whom the government was unable or unwilling to control," then the BIA must afford him the "presumption of a well-founded fear of future persecution." *Singh*, 57 F.4th at 657–58 (citation omitted).

2.    The BIA erred in determining that Singh could reasonably relocate in India to avoid future persecution. The BIA improperly placed the burden on Singh to prove by a preponderance of the evidence that he could not reasonably relocate in India, but the applicable regulation places the burden of proof on the Department of Homeland Security ("DHS") "[i]n cases in which the persecutor is a government or is government-sponsored." 8 C.F.R. § 1208.13(b)(3)(ii). Singh fears persecution by the national governing party of India, as well as by the police, which are the "prototypical state actor for asylum purposes." *Boer-Sedano v. Gonzales*, 418 F.3d 1082, 1088 (9th Cir. 2005). Because the BIA placed the burden of proof on the wrong party in its analysis, on remand it shall place the

burden of demonstrating that relocation is reasonable on the DHS. *Singh v. Garland*, 97 F.4th 597, 607–08 (9th Cir. 2024) (granting petition for review and remanding for the BIA to impose the proper burden in the relocation analysis). Additionally, the specific factual basis for the BIA's decision is not supported by substantial evidence. The BIA states that Petitioners "were able to relocate to another city in India and live without incident for several months." However, there *was* an incident after he relocated: within a month of his moving, police came looking for Singh at one of his relative's homes in Haryana. Further, there is no evidence that Singh could continue his political activities with the Mann Party while living in Haryana, and the record shows that Singh moved to Haryana to lay low after the December 2021 attack. That Singh was not attacked while being in hiding cannot support the assertion that Singh is able to relocate incident-free. *See Akosung v. Barr*, 970 F.3d 1095, 1102 (9th Cir. 2020) (noting that "an applicant can[not] be said to have the ability to 'relocate' within [his] home country if [he] would have to remain in hiding there"); *Singh*, 57 F.4th at 658 (same); *Singh*, 97 F.4th at 608 (requiring the BIA to analyze whether Singh could continue party activities wherever he went).

**PETITION GRANTED; REMANDED.**[2]

---

[2] Singh's Motion to Stay Removal (Dkt. 4) is denied as moot.

*Parminder Singh v. Bondi*, No. 23-4126

LEE, Circuit Judge, dissenting in part:

I agree that we must grant and remand Singh's petition as to the internal relocation question. But I disagree with the majority's conclusion that Singh faced past persecution. While the majority describes some facts supporting a claim of past persecution, the record also contains substantial evidence refuting it. Given that mixed evidence, I cannot say that the record "compels" a conclusion contrary to the BIA's. *Sharma v. Garland,* 9 F.4th 1052, 1060 (9th Cir. 2021).

For instance, the two threats and two physical attacks took place over the span of almost three years. Despite traveling back and forth to a farmers' protest in Delhi for a year, Singh faced trouble on the road only once. He suffered no injuries from either attack except for bruises and, in his words, a "very small amount" of blood on his legs after the police detention. *See Sharma*, 9 F.4th at 1063 (no past persecution where petitioner suffered no injuries from beating during police detention). That detention lasted less than 24 hours, *see Gu v. Gonzales*, 454 F.3d 1014, 1017 (9th Cir. 2006) (no past persecution despite police detaining petitioner for three days), and the police never charged him with any crimes, *see Prasad v. I.N.S*, 47 F.3d 336, 339 (9th Cir. 1995) (no past persecution where petitioner was never charged with a crime after police detention). Further, none of Singh's family members were harmed or threatened.

I thus respectfully dissent in part.